# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

ASHRAF QUTOUM                                    CIVIL ACTION

VERSUS                                           NO. 05-6630

JIM ROGERS, WARDEN                               SECTION "S" (6)

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

## I.  PROCEDURAL HISTORY

On January 26, 2001, petitioner, Ashraf Qutoum, presently incarcerated in the C. Paul Phelps Correctional Center, was found guilty, following trial by jury, of aggravated arson and

was sentenced to a ten-year term of imprisonment. On January 28, 2003, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction, but remanded the matter for resentencing because the trial court failed to impose upon petitioner the mandatory fine of "not more than twenty-five thousand dollars" set forth in La. R.S. 14:51. *See State v. Louisiana*, 839 So.2d 323 (La. App. 5 Cir. 2003). On May 30, 2003, the Louisiana Supreme Court denied petitioner's writ application. *See State v. Qutoum*, 845 So.2d 1059 (La. 2003).

Following the conclusion of his direct appeal proceedings, petitioner sought post-conviction relief, raising with the state district court the same claims raised in the instant federal habeas corpus petition, namely: 1) His constitutional rights were violated by virtue of the trial court's failure to provide him with an interpreter; 2) his constitutional rights were violated by virtue of the prosecution's failure to provide any notice of its intent to introduce an alleged confession; 3) he received ineffective assistance of counsel; 4) he received an unconstitutionally excessive sentence; and, 5) he was indicted by an unconstitutionally constituted grand jury. On May 27, 2004, the state district court issued an opinion denying claim 3) (ineffective assistance of counsel) on the merits and denying claim 4) (excessive sentence) and claim 5) (unconstitutionally constituted grand jury) based upon procedural bars.[1] On June 23, 2004, the state district court issued an opinion denying claim 2) (failure to provide notice of intent to introduce confession) on the merits and also finding that said

---

[1] A copy of the state district court's May 27, 2004 opinion is contained in the State rec., vol. 3 of 10.

claim was procedurally barred.[2]  On October 6, 2004, the state district court issued an opinion denying claim 1) (failure to provide interpreter) on the merits.[3]  Thereafter, while petitioner sought appellate review of all three of the district court's adverse judgments, i.e., the district court's May 27, 2004 opinion, June 23, 2004 opinion, and October 6, 2004 opinion, his writ application, as the state appellate court specifically noted, related only "to the judgment of October 6, 2004 that denied claim number one."  As such, the Louisiana Fifth Circuit Court of Appeal, in its March 21, 2005 opinion, considered only claim 1) and denied petitioner's writ application based upon its finding of "no error in the judgment of the trial court denying this claim."  *See Qutoum v. Rogers*, No. 04-KH-1311 (La. App. 5 Cir. 2005) (unpublished decision).[4]  Less than a year later, on December 9, 2005, the Louisiana Supreme Court, in connection with the Fifth Circuit's decision in "No. 04-KH-1311", issued a one-word decision denying petitioner relief.  *See Qutoum v Rogers*, 916 So.2d 1054 (La. 2005).

## II.  ANALYSIS

A petitioner, before seeking habeas corpus relief in federal court, must first exhaust his state court remedies.  *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102

---

[2] A copy of the state district court's June 23, 2004 opinion is contained in the State rec., vol. 3 of 10.

[3] A copy of the state district court's October 6, 2004 opinion is contained in the State rec., vol. 3 of 10.

[4] A copy of the state appellate court's unpublished March 21, 2005 opinion is contained in the State rec., vol. 3 of 10.

S. Ct. 1198, 71 L. Ed. 2d 379 (1982). To exhaust one's state court remedies, a petitioner must properly present each of his federal habeas claims to each reviewing state court. *Baldwin v. Reese*, 541 U.S. 27, 31-32, 124 S.Ct. 1347, 1350-1351, 158 L.Ed.2d 64 (2004).

The applicable facts in *Baldwin*, *supra*, are comparable to the instant situation in that Baldwin, like Qutoum, properly presented to the state district court all of his federal habeas claims and the state district court adjudicated said claims. Baldwin, however, like Qutoum, did not properly present all of his federal claims to the state appeals court. Despite this deficiency, the Ninth Circuit Court of Appeal determined that Baldwin had nevertheless satisfied the above-described habeas exhaustion requirement because the state appellate court "had had 'the *opportunity* to read ... the lower [state] court decision'". *Baldwin*, 541 U.S. at 31, 124 S.Ct. at 1350 (emphasis original), *quoting Reese v. Baldwin*, 282 F.3d 1184, 1194 (9th Cir. 2002). The Supreme Court, however, disagreed, reasoning that in a situation where a federal claim has not properly been presented to state appellate judges, federal habeas corpus law does not dictate "that those judges *must* read the lower court opinions - for otherwise they would forfeit the State's opportunity to decide that federal claim in the first instance." *Baldwin*, 541 U.S. at 31, 124 S.Ct. at 1350 (emphasis original).

In the instant matter, petitioner sought state appellate relief only in connection with the district court's October 6, 2004 opinion which encompassed only his claim that his constitutional rights were violated by virtue of the trial court's failure to appoint an interpreter. The state appellate court, under the dictates of *Baldwin*, *supra*, was not obliged

4

to review, in addition to the one claim properly brought before it, petitioner's four other federal claims encompassed by the state district court's May 27, 2004 and June 23, 2004 opinions, or else forfeit its right to decide said claims at first instance, i.e., before having said claims reviewed by a federal court on habeas corpus review. As such, petitioner presents to this court a "mixed" petition, i.e., one that contains both exhausted and unexhausted claims. Such petitions are generally subject to dismissal. *See Rose*, 455 U.S. at 510, 102 S.Ct. at 1199 ("Because a rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute, we hold that a district court must dismiss such "mixed petitions," leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.").

Accordingly;

## **RECOMMENDATION**

It is hereby **RECOMMENDED** that the petition of Ashraf Qutoum for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[5]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after

---

[5] In light of the court's finding that the instant action should properly be dismissed due to petitioner's failure to exhaust his state court remedies, there is no need to address the State's alternative basis for dismissal based upon an alleged procedural bar.

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this  21st  day of June, 2007.

_____
LOUIS MOORE, JR.
United States Magistrate Judge